THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCHARMAINE DAVIS, on behalf of herself, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VANGUARD HOME CARE, LLC, VHS OF ILLINOIS, INC., and VANGUARD HEALTH SYSTEMS, INC., <br><br> Defendants. | Case No. 1:16-cv-7277 <br><br><br><br> **JURY TRIAL DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff SCHARMAINE DAVIS, individually and on behalf of all other similarly situated employees ("Plaintiffs"), by and through her counsel, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and class action under Federal Rule of Civil Procedure 23 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, against Defendants VANGUARD HOME CARE, LLC, VHS OF ILLINOIS, INC, and VANGUARD HEALTH SYSTEMS, INC. (collectively, "Defendants"), and alleges upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

**NATURE OF THE ACTION**

1. This action arises out of Defendants' systematic, companywide wrongful classification of Plaintiff and other similarly situated home health clinicians as exempt from the overtime

compensation requirements of the FLSA and IMWL. These persons worked for Defendants as registered nurses, physical therapists, occupational therapists, and other similarly titled positions who provide health care services to patients in their homes (collectively "Clinicians").

2. For an employer to properly exempt an employee from the overtime compensation requirements of the FLSA and IMWL, Defendants must strictly and affirmatively establish both that the employee performs duties which meet one of the categories for exemption, and also that the employee is compensated on either a "salary" basis or a "fee" basis. Defendants, pursuant to their standardized pay practices and policies, pay Plaintiffs on a combined "per visit" and hourly basis. This hybrid "per visit" and "hourly basis" pay scheme does not comport with either the salaried basis or the fee basis requirements of the FLSA or the IMWL. Accordingly, Defendants cannot meet their burden of establishing Plaintiffs are exempt and have wrongly deprived Plaintiffs of earned overtime compensation in violation of the FLSA and IMWL.

3. During the relevant statutory period, Defendants have maintained a corporate policy and practice of paying Clinicians pursuant to a compensation method which includes "per visit" payments for some work, hourly payments for other work, and no payments whatsoever for other work performed outside of the time spent in the patients' homes.

4. Defendants pay Clinicians on a "per visit" basis for time spent visiting patients based on a set visit rate for each visit completed of a certain type. For example, all routine visits are paid at a Clinician's routine visit rate, and start of care visits, recertification visits, resumption of care visits, and discharge visits are paid at other set rates. These visit rates are based on the amount of time in the home and documentation time required for each type of visit, and thus home visits that require more time and documentation are paid at higher rates.

5. Defendants pay Clinicians at an hourly rate of pay for time spent on certain tasks,

including but not limited to, time spent in staff meetings, case conferences, continuing education training, orientation, and in-services. Clinicians are also paid an hourly rate when they take paid time off (PTO).

6. Defendants do not pay Clinicians any sums for a multitude of other work tasks they are routinely required to perform outside of the time spent in patients' homes, including but not limited to, completing documentation of patient visits ("charting"), preparation time for visits, communications with patients, physicians and other medical care providers, travel time between patients' homes, coordinating care with other disciplines, ordering equipment and supplies, and, for registered nurses, time spent dropping off lab specimens and following up on lab work.

7. Based upon their compensation practice and policy, Defendants uniformly misclassify Clinicians as exempt employees.

8. Defendants failed to compensate Plaintiffs for all overtime wages earned.

9. Accordingly, Defendants are liable for their failure to pay Plaintiff and other similarly-situated employees for time worked in excess of forty (40) hours in given workweeks at one and one-half times their regular rate.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

11. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because

Defendants operate within this district and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this district.

## PARTIES

14. Plaintiff SCHARMAINE DAVIS is a resident of Indiana who worked for Defendants as a Clinician during the applicable statute of limitations period and was paid on a combined "per visit" and hourly basis.

15. During the relevant time period, SCHARMAINE DAVIS was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL 820 ILCS § 105/3(d).

16. At all relevant times, Defendant VANGUARD HOME CARE, LLC, has been a limited liability corporation organized under, and governed by, Illinois law, and a citizen of Illinois with its principal place of business located at 2315 Enterprise Drive, Suite 110 in Westchester, Illinois.

17. At all relevant times, Defendant VHS OF ILLINOIS, INC., has been a Delaware corporation with its principal place of business located at 3249 South Oak Park Avenue in Berwyn, Illinois.

18. At all relevant times, Defendant VANGUARD HEALTH SYSTEMS, INC., has been a Delaware corporation headquartered in Nashville, Tennessee. VANGUARD HEALTH SYSTEMS, INC. owns and operates the healthcare providers that comprise VHS OF ILLINOIS, INC., including VANGUARD HOME CARE, LLC.

19. VANGUARD HOME CARE, LLC, VHS OF ILLINOIS, INC, and VANGUARD HEALTH SYSTEMS, INC. together are a single common "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in related activities, under unified operation and common control, with a common business purpose, and with an annual gross volume of sales or business revenue

of at least $500,000.

20. At all relevant times, each Defendant was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and IMWL, 820 ILCS § 115/2.

## FACTUAL ALLEGATIONS

21. Plaintiff SCHARMAINE DAVIS and all the similarly-situated Clinicians she seeks to represent, were required, among other things, to provide care to patients in their homes, complete documentation of patient health and visits ("charting"), communicate with patients, physicians and other medical care providers, and participate in various meetings and training. Defendants compensated Plaintiffs at a base rate for routine visits and at higher rates for other types of visits, like start of care visits, recertification visits, and resumption of care visits, all of which require more documentation and consume more time than routine visits.

22. Defendants compensated Plaintiffs at an hourly rate for time spent in staff meetings, case conferences, continuing education training, orientation, in-services, and on paid time off (PTO).

23. Defendants failed to compensate Plaintiffs for time worked performing certain tasks including, but not limited to, work performed before and after patient visits such as charting, preparation time for visits, communications with patients, physicians and other medical care providers, travel time between patients' homes, coordinating care with other disciplines, ordering medical equipment and supplies and, for registered nurses, time spent dropping off lab specimens and following up on lab work.

24. Defendants classified Plaintiffs as exempt employees under the FLSA and IMWL and did not pay them overtime wages despite working in excess of forty (40) hours in given workweeks.

25. Defendants directed Plaintiffs to work, and they routinely did work, in excess of forty (40) hours in given workweeks, but were not compensated for overtime wages earned at a rate of

one and one-half times their regular rate.

26. Defendants misclassified Plaintiffs as exempt from overtime compensation under the FLSA and IMWL.

27. Defendants suffered and permitted Plaintiffs to work more than forty (40) hours per week without overtime pay.

28. Defendants did not keep accurate records of all of the hours worked by Plaintiffs.

29. Defendants were aware, or should have been aware, that Plaintiffs performed non-exempt work that required payment of overtime compensation. For instance, because Defendants assigned Plaintiffs their work and required them to work long hours to complete all of their job duties and responsibilities, Defendants knew or should have known that Plaintiffs worked overtime hours.

## **FLSA COLLECTIVE ACTION ALLEGATONS**

30. Plaintiff brings claims on her own behalf and as a representative of all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

31. Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All persons who worked as home health Clinicians for Defendants at any time since three (3) years prior to the filing of this Complaint through the date of judgment in this action, and who were classified as exempt, were paid on a hybrid "per visit" and hourly basis, and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "FLSA class").

32. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form and the consent form of one additional FLSA class

6

member are attached as Group Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

33. This action is properly maintained as a collective action because the representative Plaintiff is similarly situated to the members of the FLSA class with respect to their training, job duties and compensation plan, and are all subject to a common practice, policy or plan in which Defendants suffered and permitted them to perform work for the benefit of Defendants in excess of forty (40) hours in given workweeks without compensation at time-and-a-half their regular rate of pay.

34. Defendants knew or should have known that they had misclassified Plaintiffs as exempt.

35. Defendants knew or should have known that Plaintiffs worked in excess of forty (40) hours in given workweeks.

36. Defendants' conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

37. There are over fifty (50) similarly situated current and former Clinicians who Defendants misclassified in violation of the FLSA and who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

38. The precise number of FLSA class members can be easily ascertained by using Defendants' payroll and personnel records. Given the composition and size of the class, members of the FLSA class may be informed of the pendency of this action directly via U.S. mail, e-mail and otherwise.

## IMWL CLASS ALLEGATIONS

39. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings claims on her own behalf and as a representative of all other similarly situated individuals

pursuant to the IMWL, 820 ILCS 105/1, *et seq.*, to recover unpaid wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

40. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of the IMWL are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

41. Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of similarly situated employees under the IMWL:

> All persons who worked as home health Clinicians for Defendants at any time since three (3) years prior to the filing of this Complaint through the date of judgment in this action, and who were classified as exempt, were paid on a hybrid "per visit" and hourly basis, and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "IMWL class").

42. This action is properly maintained as a class action under Rules 23(a) and (b) because:

    A. The class is so numerous that joinder of all members is impracticable;

    B. There are questions of law or fact that are common to the class;

    C. The claims or defenses of the Named Plaintiff are typical of the claims or defenses of the class; and,

    D. The Named Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

43. The total number of putative class members exceeds fifty (50) individuals. The exact number of class members may easily be determined from Defendants' payroll records.

### Commonality

44. There is a well-defined commonality of interest in the substantial questions of law and

fact concerning and affecting the IMWL class in that Plaintiff and all members of the class have been harmed by Defendants' failure to compensate current and former Clinicians for all time worked in excess of forty (40) hours in given workweeks. The common questions of law and fact include, but not limited to the following:

  A. Whether Defendants can meet their burden of proving they properly classified Plaintiff and the class as exempt from the overtime requirements of the IMWL;

  B. Whether Defendants failed to keep true and accurate records of the amount of time Plaintiff and the class actually worked; and,

  C. Whether Plaintiff suffered damages and the proper measure of those damages.

45. Plaintiff anticipates that Defendants will raise defenses that are common to the class.

## Adequacy

46. The Named Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel that is competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically for wage and hour litigation.

## Typicality

47. The claims asserted by the Named Plaintiff are typical of the class members she seeks to represent. The Named Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

48. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known,

9

he or she can "opt out" of this action pursuant to Rule 23.

**Predominance and Superiority**

49. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

50. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Plaintiff and other Clinicians employed by Defendants are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b).

53. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

54. Defendants willfully engaged in a practice of violating the FLSA by misclassifying Plaintiff and similarly situated employees as "exempt," and thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Sections 206 and 207 of the FLSA.

55. Plaintiff and members of the FLSA class are not subject to any exemption.

56. Defendants failed to create or maintain accurate records of the time Plaintiff and the FLSA class worked in violation of the FLSA, 29 U.S.C. § 211(c).

57. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA class have suffered and will continue to suffer a loss of income and other damages.

58. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of their Clinicians.

59. As a result of Defendants' unlawful acts, they are liable to Plaintiff and the FLSA class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II

### VIOLATION OF ILLINOIS MINIMUM WAGE LAW

60. Plaintiff incorporates by reference all preceding paragraphs.

61. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

62. The IMWL, 820 ILCS § 105, *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

63. Defendants engaged in a practice of violating the IMWL by misclassifying Plaintiff and similarly situated employees as "exempt," and thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

64. Plaintiff and members of the IMWL class are not subject to any exemption.

65. Defendants failed to create or maintain accurate records of the time Plaintiff and the IMWL class worked in violation of the IMWL, 820 ILCS § 105/8.

66. As a result of Defendants' violations of the IMWL, Plaintiff and the IMWL class have suffered and will continue to suffer a loss of income and other damages.

67. As a result of Defendants' unlawful acts, they are liable to Plaintiff and other IMWL class members for actual damages, statutory damages and equitable relief, as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, SCHARMAINE DAVIS, individually and on behalf of all

others similarly situated, by and through her attorneys, demands judgment against the Defendants, and each of them, jointly and severally, and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situated;

B. Order Defendants to furnish to counsel a list of all names, telephone numbers, home addresses and email addresses of all Clinicians who have worked for the Defendants within the last three years;

C. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all Clinicians who have worked for Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D. Certify a class action under Count II;

E. Appoint Stephan Zouras, LLP as counsel for the Plaintiffs under Rule 23(g);

F. Declare and find that Defendants committed one or more of the following acts:

　　i. Violated the overtime provisions of the FLSA by misclassifying Plaintiff and similarly situated employees who opt-in to this action as exempt from overtime compensation;

　　ii. Willfully violated provisions of the FLSA; and

　　iii. Violated the overtime provisions of the IMWL by misclassifying Plaintiff and similarly situated employees as exempt from overtime compensation.

G. Award compensatory damages in the amount of one and one-half times Plaintiff's and similarly situated persons' regular rate of pay for all time they worked in excess of forty (40) hours per week under the FLSA;

H. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

I. Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

J. Award all costs and reasonable attorneys' fees incurred prosecuting this claim

        under the FLSA and IMWL;

K.      Grant leave to amend to add claims under applicable state and federal laws;

L.      Grant leave to add additional plaintiffs by motion, by the filing of written consent forms, or by any other method approved by the Court; and,

M.     For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: July 15, 2016                        Respectfully Submitted,

                                            */s/ James B. Zouras*
                                            James B. Zouras
                                            Ryan F. Stephan
                                            Teresa M. Becvar
                                            Stephan Zouras, LLP
                                            205 N. Michigan Avenue, Suite 2560
                                            Chicago, Illinois 60601
                                            312-233-1550
                                            312-233-1560 f
                                            www.stephanzouras.com

                                            **ATTORNEYS FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2016, a true and correct copy of the foregoing COMPLAINT was filed via this Court's CM/ECF system.

*/s/ James B. Zouras*
James B. Zouras