UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCHARMAINE DAVIS, on behalf of herself, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VANGUARD HOME CARE, LLC, VHS OF ILLINOIS, INC., and VANGUARD HEALTH SYSTEMS, INC., <br><br> Defendants. | Case No. 16-CV-7277 <br><br> Judge Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss and Compel Compliance with Open Door and Fair Treatment Process and Arbitration. Plaintiff contends that the Seventh Circuit's decision in *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016) is controlling and requires the denial of Defendants' Motion. Defendants Vanguard Home Care, LLC, VHS of Illinois, Inc., and Vanguard Health Systems, Inc. (collectively "Defendants" or "Vanguard"), contend that *Lewis* is inapplicable because plaintiff Scharmaine Davis ("Plaintiff" or "Davis") does not challenge an arbitration clause alone (presumably Vanguard would concede that *Lewis* would control if that were the case) but challenges the entire Fair Treatment Process ("FTP"). Since Davis is attacking an entire dispute resolution contract and not just an arbitration provision, Vanguard argues, the court must grant the motion to dismiss in favor of arbitration, and Davis must make her arguments about the arbitration bar in *Lewis* before an arbitrator.[1]

---

[1] The court is concerned, as pointed out by Davis, that Defendants failed to mention *Lewis* in their opening brief. *Lewis* was decided only about four months before Defendants filed their motion and brief, which hopefully explains

1

**BACKGROUND**

Davis alleges in her class-action complaint that Defendants have systematically wrongly classified her and other similarly situated home health care clinicians as exempt from the overtime compensation requirements of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Further, Davis alleges that Defendants failed to keep accurate records of the hours worked by Davis and other class members. Davis' complaint thus pleads a typical FLSA action.

According to the affidavit of Donna Sierzega McNally (ECF No. 31-1), provided in support of the instant Motion, all Vanguard employees, including Davis, are subject to Vanguard's Tenet[2] Employee Handbook, which includes an "independent Open Door and Fair Treatment Process ("FTP")." (McNally Aff. ¶ 6, ECF No. 31-1.) McNally avers that Davis completed an internal training module on the Handbook, and electronically signed an acknowledgement statement on July 28, 2014. (*See* Certificate of Completion, ECF No. 31-1 at Page ID 331.) Under this program, before an employee can take a dispute to individual binding arbitration (as described more fully below, class litigation is prohibited) "he or she is encouraged to use the Company's Open Door Policy," which involves "discussing any problems, concerns or disputes with the relevant supervisor." (McNally Aff. ¶ 6, ECF No. 31-1.) If this informal Open Door Policy does not resolve the employee's problem, "employees are then invited to initiate the more formal FTP process." (*Id.* ¶ 7.) The FTP process thus involves five steps: (1) submit dispute to supervisor via FTP Dispute Resolution Form; (2) appeal supervisor's decision to department head using Step 2 of FTP Dispute Resolution Form; (3) appeal department head's

---

why it was not cited or discussed. While Defendants maintain that *Lewis* is not controlling, its relevance to the issues at bar is incontrovertible.

[2] McNally avers that Tenet Healthcare Corp., which is based in Dallas, Texas, is ultimately Vanguard's parent corporation when the chain of corporate ownership is followed to its beginning. (ECF No. 31-1 at 1.)

decision to administration by completing Step 3 of the FTP Dispute Resolution Form; (4) appeal administration's decision by submitting the problem to the FTP Committee; and (5) if the employee does not agree with the decision reached at Step 4, he or she may submit the dispute to binding arbitration. (*Id*.) According to Ms. McNally's affidavit, Vanguard's records show no attempt on Davis' part to pursue her claims through the FTP. (*Id*. ¶ 10.) Davis does not argue to the contrary.

With respect to the issue of class litigation, Vanguard's Tenet policy statement entitled "Open Door Policy and Fair Treatment Process," effective November 21, 2013, states that "[t]he parties specifically agree that no employee's dispute may be joined with the dispute of another employee in a class, collective or group actions [sic]. The FTP's arbitration process is limited to individual disputes, claims or controversies that a court of law would be authorized or have jurisdiction over [sic] to grant relief and that in any way arise out of, relate to or are associated with the individual employee's employment with the Company or termination of employment." (ECF No. 31-1 at Page ID 144.) The acknowledgement form accompanying Vanguard's employee handbook revised September 18, 2012, which an employee must electronically sign, recites that "I understand that final and binding arbitration will be the sole and exclusive remedy for [any and all claims and disputes that are related in any way to my employment or the termination of my employment] . . . and, that to the extent permitted by law, I may not join any such claim or dispute with the dispute of another employee in a class, collective, representative or group action." (*Id*. at Page ID 322.)

## ANALYSIS

In *Lewis v. Epic Systems Corp.*, 823 F.3d 1147, 1161 (7th Cir. 2016), the Seventh Circuit held that a motion to enforce an arbitration clause that "precludes employees from seeking any

3

class, collective, or representative remedies to wage-and-hour disputes" must be denied because the clause "violates Sections 7 and 8 of the NLRA." Section 7 of the NLRA, *Lewis* reasons, provides that employees have the right to engage in concerted activities, and concerted activities "have long been held to include 'resort to . . . judicial forums.'" *Id.* at 1152 (quoting *Eastex, Inc. v. NLRB*, 437 U.S. 556, 566 (1978)). A lawsuit filed by a group of employees to achieve more favorable employment terms or conditions is concerted activity. *Id.* A provision that claims covered by the NLRA may be arbitrated only on an individual basis violates Section 7 rights. *Id.* at 1155.

*Lewis* applies here. Under *Lewis*, an agreement prohibiting class litigation and requiring individual arbitration is a *per se* violation of the NLRA and cannot be legalized, even if the contract was entered into without coercion. *Id.* at 1155. Where, as in the case at bar, an arbitration provision is a condition of continued employment ("An employee's decision to accept employment or to continue employment constitutes his or her agreement to be bound by the FTP," Open Door Policy, ECF No. 31-1 at Page ID 141), a mandatory arbitration provision interferes with or restrains employees in the exercise of their NRLA rights. *Lewis*, 823 F.3d at 1156 (citing *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 444 (2006)).

**A. The Parties' Dispute Over *Lewis* Is Not Arbitrable**

Vanguard maintains that Davis' contentions about *Lewis* must themselves be submitted to an arbitrator because she purportedly challenges the validity of the "Open Door Policy and Fair Treatment Process" as a whole. The plaintiffs in *Buckeye Check Cashing* took the position that the contract containing the arbitration clause the defendants sought to enforce was void "as a whole (including its arbitration provision)" because it contained a "usurious finance charge." *Buckeye Check Cashing*, 546 U.S. at 444 (alteration in original). The *Buckeye* court

distinguished between two types of challenges: (1) "challenges specifically [to] the validity of the agreement to arbitrate;" and (2) "challenges [to] the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." *Id.* (citation and footnote omitted). An arbitration clause may be severable from the remainder of the contract, and if the legality of the contract in its entirety, rather than "the arbitration clause itself" is at issue, that question goes to the arbitrator. *Id.* at 444–45, 449. As used here, the concept of severability means that a provision of an arbitration agreement "may be valid even if the rest of the contract is invalid." *Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 869 (7th Cir.1985). Here, however, Davis' claims under *Lewis* need not be arbitrated for two reasons.

First, unlike the contract in *Buckeye Check Cashing*, the FTP document in the record includes no delegation clause. A delegation clause refers questions of "arbitrability to an arbitrator." *Lee v. Uber Technologies, Inc.*, No 15 C 11756, 2016 WL 5417215, at *2 (N.D. Ill. Sept. 21, 2016). Vanguard asserts that this the question of whether the "Open Door Policy and Fair Treatment Process" contains a delegation clause must also be sent to an arbitrator, but as the Seventh Circuit has recently reiterated, "[c]ourts, not arbitrators, are charged with deciding "gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Wis. Local Gov't Prop. Ins. Fund v. Lexington Ins. Co.*, No. 15-1973, 2016 WL 6134857, at *2 (7th Cir. Oct. 21, 2016) (quoting *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)) (citation omitted). The "Open Door Policy and Fair Treatment Process" Vanguard seeks to enforce includes a list of examples of claims it covers, but questions of the FTP's scope, validity, and

5

enforceability do not appear among them. (*See* ECF No. 31-1 at 2.) Vanguard points to no language in the FTP policy delegating a dispute over scope, validity, or enforceability to an arbitrator. It instead argues that, under *Buckeye Check Cashing*, any claim that calls the validity of a contract as a whole into question must always be arbitrated. Even assuming, for the sake of argument only, that Davis challenges the contract as a whole rather than the validity of the arbitration clause, Vanguard's argument sidesteps the fact that the contract at issue in *Buckeye Check Cashing* included a delegation clause. *See* 546 U.S. at 442 (delegating to arbitrator "[a]ny claim, dispute, or controversy . . . arising from or relating to this agreement . . . or the validity, enforceability, or scope of this Arbitration Provision or the entire Agreement" (ellipses in original)). The FTP policy at issue here has no clause delegating questions of its scope, validity, or enforceability to an arbitrator, and Davis' claims under *Lewis* remain for the court to resolve. *See, e.g., Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 307–08 (2010) (refusing to enforce arbitration provision because clause requiring arbitration of claims "arising under" agreement did not reach dispute over when the agreement was formed).[3]

Second, assuming for the sake of argument that the FTP is a standalone arbitration contract, Davis does not seek to invalidate the FTP process in its entirety by invoking *Lewis*. That the underlying contract on which a motion to compel arbitration is based is an arbitration agreement, rather than some other kind of contract, "makes no difference. Application of the severability rule does not depend on the substance of the remainder of the contract." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010) (footnote omitted) (analyzing severability of

---

[3] For the first time in their reply, Defendants raise the argument that the FTP delegates questions of substantive arbitrability to an arbitrator when it states that the American Arbitration Association's ("AAA") Employment Dispute Resolution Rules govern arbitration proceedings. (*See* ECF No. 31-1 at p. 4 of the Agreement.) This court has found an arbitration agreement's incorporation of the AAA's rules to weigh in favor of a finding of delegation in certain circumstances. See *Williams-Bell v. Perry Johnson Registars, Inc.*, No. 14 C 1002, 2015 WL 6741819, at *5 (N.D. Ill. Jan. 8, 2015). The court, however, cannot reach arguments raised for the first time in a reply.

terms of arbitration contract). Here, Vanguard seeks an order "directing Ms. Davis to resolve her claims through the FTP, up to and including final and binding arbitration." (ECF No. 31 at 10.) Like Davis, the plaintiff in *Lewis* sought to avoid a self-contained arbitration agreement under the NLRA. *See* 823 F.3d at 1151. Vanguard's severability arguments would apparently apply to the arbitration agreement in *Lewis* as well, yet though severability was not discussed, the *Lewis* court found the arbitration agreement there unenforceable. Vanguard makes no effort to distinguish *Lewis* on severability grounds. The flaw in the agreement in *Lewis* did not infect the entire arbitration agreement; it concerned only the preclusion of a plaintiff's ability to proceed collectively. That is, it was severable in the sense of that word as used by the Supreme Court in cases like *Buckeye Check Cashing,* even though the plaintiff there completely avoided arbitration of his collective claims. *See Rent-A-Center*, 561 U.S. at 72 n.3 (finding delegation clause and clause requiring arbitration of substantive disputes to be severable); *see also Matterhorn, Inc.*, 763 F.2d at 868-69 (discussing purpose of severability doctrine). The terms of the "Open Door Policy and Fair Treatment Process" precluding employees from proceeding collectively can be severed from the terms governing arbitration of purely individual claims as cleanly as the terms invalidated in Lewis. As such, the result in Lewis obtains here as well.

**B. The Parties Have Not Briefed the Effect of *Lewis* on the IMWL**

With respect to Davis' IMWL claim, the FLSA and IMWL both guarantee employees a minimum wage for all hours worked. *See* 29 U.S.C. § 206(a); 820 ILCS 105/4. It is generally held that the IMWL parallels federal law, and the Illinois Administrative Code provides that federal FLSA regulations provide guidance in interpreting the IMWL. *O'Brien v. Encotech Constr.,* No. 00-CV-1133, 2004 WL 609798 at *7 (N.D. Ill. Mar. 23, 2004) (citing *Haynes v. Tru-Green Corp.*, 507 N.E.2d 945, 951 (Ill. App. Ct. 1987), *appeal denied*, 515 N.E.2d 123 (Ill.

1987)). The same analysis generally applies to both the FLSA and IMWL. *Id.*; *Laboy v. Alex Displays, Inc.*, No. 02 C 8721, 2003 WL 21209854, *2 (N.D. Ill. May 1, 2003); *Bjornson v. Daido Metal U.S.A., Inc.*, 12 F. Supp. 2d 837, 842 (N.D. Ill. 1998). The Seventh Circuit did not discuss the IMWL in *Lewis*, and it is not clear that it would extend its holding to IMWL claims. Nevertheless, since the two statutes are generally interpreted similarly, permitting an arbitrator to decide Davis' IMWL claim while the court decides Davis' FLSA claim runs a significant risk of inconsistent judgments. The court will therefore stay the resolution of Davis' IMWL claim pending the determination of Davis' FLSA claim. When the FLSA claim is resolved, or sooner if the parties wish to brief the applicability of *Lewis* to the IMWL, the court will decide whether the IMWL claims should be heard by the court or by an arbitrator.

**C. Davis' Retaliation Claim Is Not Properly Before the Court**

Finally, for the first time in their reply brief, Defendants point out that Davis has pleaded a retaliation claim, to which the FTP facially applies. Vanguard refers to Davis' motion for leave to amend her complaint as "curious," since no motion was necessary as she still had the right to amend her complaint as a matter of course. See Fed. R. Civ. P. 15(a)(1). The motion is "curious" for another reason. Davis never actually filed her amended complaint; she filed a motion for leave to file an amended complaint to which her proposed amended pleading was an exhibit. As a result, the docket fails to reflect the amendment, and the parties briefed this motion directed at the original complaint, which would have been superseded and a nullity if the amended complaint had been properly filed. If Davis wishes to proceed on the basis of her amended complaint, she should make sure it is properly filed and docketed. If she does so, the parties may then file briefs directed at the retaliation clause. The applicability of *Lewis* to this

claim is a matter which requires briefing, and since Defendants adverted to the retaliation claim only in a brief reference in their reply brief, neither side has adequately addressed the issue.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss and Compel Compliance with Open Door and Fair Treatment Process and Arbitration (ECF No. 30) is denied in part; Davis' IMWL claim is stayed; and a status conference is set for December 9, 2016 at 9:30 a.m.

Date:   November 22, 2016                           /s/
                                            Joan B. Gottschall
                                            United States District Judge