UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCHARMAINE DAVIS, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) Case No. 16-CV-7277 ) |
| v. | ) ) Judge Joan B. Gottschall |
| VANGUARD HOME CARE, LLC, VHS OF ILLINOIS, INC., and VANGUARD HEALTH SYSTEMS, INC., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs bring this wage-and-hour dispute as a putative collective action under the Fair Labor Standards Act ("FSLA"), *see* 29 U.S.C. § 216(b), and as a class action under the Illinois Minimum Wage law, 820 I.L.C.S. § 105/1 et seq. Before the court is Plaintiffs' motion to equitably toll the statute of limitations on the FLSA claims of all putative members of the proposed class of opt-in plaintiffs. (ECF No. 42 at 4.) Because Plaintiffs' motion for conditional certification of an FLSA collective action has not been decided, the court denies Plaintiffs' request without prejudice as unripe. The court, however, grants Plaintiffs' leave to file their amended complaint.

**I. Procedural Background**

Plaintiff commenced this action by filing her complaint on July 15, 2016. Eleven additional Plaintiffs have opted in. (ECF Nos. 6, 7, 18, 19, 41.)

1

The parties filed several interdependent motions in August and September 2016. Before Defendants answered the complaint,[1] Plaintiffs moved for conditional certification of a collective action on August 23, 2016. (ECF No. 22.) The court set an initial briefing schedule on the motion for conditional certification (ECF No. 29 at 1), and Defendants filed a motion to compel arbitration on the same day (ECF No. 30). On September 13, 2016, Defendants moved to stay briefing on the motion for conditional certification pending resolution of their motion to compel. (ECF No. 34.) Two days later, Plaintiff moved for leave to file an amended complaint. (ECF No. 37.)

At a hearing held September 16, 2016, the court granted Defendants' motion to stay briefing on the motion for conditional certification. (ECF No. 40 at 1.) It set a briefing schedule on the motion to compel and on the motion for equitable tolling "[i]n light of the court's ruling on defendants' motion to stay." (*Id*.) Finally, the court entered and continued the motion for leave to file an amended complaint "pending resolution of" Defendants' motion to compel. (*Id*.)

Defendants' motion to compel was denied on November 22, 2016. (ECF No. 54 at 9.) Among other things, the court opined that the timing of Plaintiff's motion for leave to amend her complaint was "puzzling" because, as Defendants pointed out, she had the right to amend it once as a matter of course within 21 days after service of Defendant's motion to compel. *Id.* at 8; *see also* Fed. R. Civ. P. 15(a)(1)(B). Without seeking leave of court, Plaintiffs filed their amended complaint on November 23, 2016.

---

[1] Defendants note the timing of the motion for certification in their response. To the extent Defendants imply that Plaintiff jumped the gun, it suffices to note that Defendants moved on August 8, 2016, without opposition, to extend their answer deadline beyond the date on which the motion for conditional certification was filed. (ECF No. 14.) The court granted that motion. (ECF No. 16.)

## II. Plaintiffs' Request for Equitable Tolling is Unripe

Plaintiffs ask the court to equitably toll the limitations period for all potential class members. According to Plaintiffs, "the time it takes for the parties' [sic] to brief - and for the Court to consider and rule on - the Motion to Dismiss will likely be considerable," and the time lost will harm members of the potential opt-in class. Defendants respond that Plaintiffs' request to equitably toll the potential class members' FLSA claims is unripe because the court may never certify a collective action and, even if it does, the court cannot assess the diligence of a plaintiff who has not opted into this suit or explore the circumstances that stood in the potential plaintiff's way. At least one district court in the Seventh Circuit has adopted Defendants' view. *Miller-Basinger v. Magnolia Health Sys., Inc.*, No. 2:15-CV-00089-WTL-DKL, 2016 WL 773191, at *2 (S.D. Ind. Feb. 22, 2016) (citing *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986)). And another has invoked Article III and raised similar concerns when denying equitable tolling. *See Soto v. Wings 'R Us Romeoville, Inc.*, No. 15-CV-10127, 2016 WL 4701444, at *11–12. On the other hand, at least one judge in this district has found an excessive delay in ruling on a motion for conditional certification to be an extraordinary circumstance justifying equitable tolling during the pendency of the motion. *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855–56 (N.D. Ill. 2013) (collecting cases). The court need not go as far as holding that equitable tolling claims on a class-wide basis are always unripe before a plaintiff opts in, but it does find that Plaintiffs' request for equitable tolling is unripe given the posture of this case.

The FLSA allows employees who are "similarly situated" to pursue their claims in a collective action. 29 U.S.C. § 216(b) (West 2016). By default, a two-year limitations period applies to FLSA claims, but the period lasts three years if an employer willfully violates the FLSA. 29 U.S.C. § 255(a) (West 2016). An FLSA claim "accrues at each regular payday

immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Cortez v. Medina's Landscaping*, No. 00 C 6320, 2002 WL 31175471, at *1 (N.D. Ill. Sept. 30, 2002) (quoting *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987)).  Unlike in a Rule 23 class action, conditional certification of an FLSA collective action "does not . . . join additional parties to the action." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013).  Conditional certification generally allows notice to be sent to potential class members, but they "become parties . . . only by filing written consent with the court." *Id*. (citing § 216(b)); *accord. Alvarez v. City of Chi.*, 605 F.3d 445, 448 (7th Cir. 2010).  As a result, the statute of limitations continues to run on potential class members until they opt into the lawsuit. *See* 29 U.S.C. § 256(b); *Soto*, 2016 WL 4701444, at *10.

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Soto*, 2016 WL 4701444, at *10 (quoting *Knauf Insulation, Inc. v. S. Brands, Inc.*, 820 F.3d 904, 908 (7th Cir. 2016)) (alteration in original).  To satisfy the second prong, the circumstances causing the litigant's delay must be "both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016).

Defendants claim that Plaintiffs' request for equitable tolling is, in effect, unripe and that the court would issue an improper advisory opinion if it were to decide it.  The doctrines of standing and ripeness find their roots in Article III's limitation of the judicial power of the United States of federal courts to "cases" and "controversies," U.S. Const. art. III, § 2. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 n.5 (2014) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006)); s*ee Genesis Healthcare*, 133 S. Ct. at 1528 ("This requirement

ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved."). A claim raises ripeness concerns "when [it] involves uncertain or contingent events that may not occur as anticipated, or not occur at all." *Wis. Right to Life State Political Action Committee v. Barland*, 664 F.3d 139, 148(7th Cir. 2011) (citations omitted). Because the ripeness doctrine is also designed to address prudential concerns, the analysis entails consideration of "'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" *Id.* (quoting *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983)).

Plaintiffs' precertification request for equitable tolling of the potential opt-in class members' FLSA claims implicates too many contingencies to be ripe. For one thing, the court may not conditionally certify the opt-in class at all, or the court may choose to define the class differently than Plaintiffs propose. "A district court has wide discretion to manage collective actions[,]" including the power, and in some cases the duty, to split the proposed class into subclasses when appropriate. *Alvarez*, 605 F.3d at 449 (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 171 (1989)) (holding district court should have considered whether common questions predominated in subclasses of collective action); *see, e.g., Hawkins v. Alorica, Inc.*, 287 F.R.D. 431, 439-43 (S. D. Ind. 2012) (granting partial conditional certification of class and revising class definition). Also, Defendants have yet to answer the complaint, so the possibility of their pleading a limitations defense at all remains, at least to some extent, conjectural. *See Braddock v. Madison Cnty.*, 34 F. Supp. 2d 1098, 1112 (S.D. Ind. 1998) ("The statute of limitations remains an affirmative defense that must be pleaded in an answer and a defendant can waive the defense by failing to plead it."). Finally, even if one or more classes is conditionally

5

certified, whether anyone else will opt in remains to be seen. If no one does, any decision on equitable tolling would turn out to have been an advisory opinion. *See People of State of Ill. ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 950–51 (7th Cir. 1983) (holding that case called for advisory opinion where the plaintiff "wanted to know what would happen if he brought a criminal case and Archer Daniels Midland raised a defense of federal preemption. But a criminal case might never reach the point where such a defense had to be adjudicated."). As for the hardship to the parties of withholding a decision, any potential class member remains free to opt into this action before the court makes a decision on conditional certification. *See* 29 § 255.

Nevertheless, it does not necessarily follow from the conclusion that the instant dispute is unripe that an Article III court can never address equitable tolling questions on a class-wide basis. A plaintiff has standing to assert the rights of third parties in limited circumstances, as when "(1) the plaintiff has suffered an 'injury in fact;' (2) the plaintiff has a 'close relationship' to the injured third party; and (3) there was some hindrance to the third parties in asserting their own rights." *Ind. Democratic Party v. Rokita*, 458 F. Supp. 2d 775, 810 (S.D. Ind. 2006) (citing *Campbell v. Louisiana*, 523 U.S. 392, 397 (1998)). Some equitable tolling issues may, at least in theory, be common to the similarly situated employees in a class. *See id.* (performing third-party standing analysis on three groups of similarly situated plaintiffs "because the issues are uniformly applicable as to each group"). FLSA affirmative defenses can, and sometimes do, present questions capable of class-wide determination. *Compare, e.g., Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 849–50 (N.D. Ill. 2008) (holding that affirmative defense of FLSA exemption presented sufficiently common questions to warrant conditional certification), *with Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 763 (N.D. Ill. 2004) (holding that

6

affirmative defense involved fact-specific inquiries unique to each plaintiff). The parties suggest no reason why questions raised by a limitations defense would be categorically incapable of class-wide resolution. On the contrary, in the cases cited by the plaintiffs here, the court recognized that it had the power to equitably toll the limitations period class-wide after certification based on the unusual length of time taken to adjudicate a conditional certification motion. *See, e.g., Bergman*, 949 F. Supp. 2d at 860–61 (collecting cases); *Perez v. Comcast*, No. 10 C 1127, 2011 WL 5979769, at *2–3 (N.D. Ill. Nov. 29, 2011) (discussing additional cases and deciding not to toll statute of limitations equitably because the plaintiffs did not show an extraordinary delay in conditionally certifying action). Other courts have found it appropriate to toll the limitations period because the employer did not post the notices required by the FLSA. *See Perez*, 2011 WL 5979769, at *3 (collecting cases). Those decisions have been criticized as inconsistent with Congress' expressed intent in the FLSA, *see* § 256(b), to continue running the limitations period until an employee files a written consent opting into the action. *See Soto*, 2016 WL 4701444, at *11 (discussing and citing *Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2014 WL 10416989, at *3 (N.D. Ill. Sept. 26, 2014)). This court does not need to weigh into the fray today, however, both because the parties have not briefed third-party standing and because the court has made no decision on certification. Without a certification decision, the time taken to adjudicate conditional certification is indeterminate, and the question of whether that time period ranks as an extraordinary circumstance—regardless of whether it is analyzed on a class-wide or per-employee basis—remains unripe. The stay of the conditional certification motion does not alter this point, though it may affect the equitable tolling analysis should it ever have to be undertaken in this case.

### III. Plaintiffs' Amended Complaint Is Deemed Properly Filed

As explained in Part I, Plaintiffs filed an amended complaint on November 23, 2016, without seeking leave of court. (ECF No. 55.) Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to amend a pleading "as a matter of course" within 21 days after a Rule 12(b) motion is filed. As Defendants pointed out in their briefing on their motion to compel, the 21-day deadline had not passed when Plaintiffs moved for leave to amend. But it had passed by November 23, 2016, making the filing of an amended complaint as a matter of course on that date untimely.

Nevertheless, the procedural history of this case furnishes ample reason to grant Plaintiffs leave and deem their amended complaint filed November 23, 2016, properly before the court. Rule 15(a)(2) requires leave of court to amend a pleading "[i]n all other cases" and "[t]he court should freely give leave when justice so requires." Rule 15(a)(2) adopts a liberal policy in favor of amendment. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015). Here, Plaintiffs' right to file their amended complaint when they first moved to do so and Defendants' acknowledgement of that right without comment suffice to demonstrate that the amendment is in the interest of justice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 522–23 (7th Cir.2015) (holding that Rule 15(a)(2)'s liberal standard still applies even after Rule 15(a)(1)'s deadline has expired). Therefore, the court grants Plaintiffs leave, and as they already filed an amended complaint on November 23, 2016, it is deemed their live pleading.

### IV. Conclusion

For the foregoing reasons, the court denies Plaintiffs' motion to equitably toll the statute of limitations for all potential class members (ECF No. 42) as unripe and grants their motion for

leave to amend their complaint (ECF No. 37).  Plaintiffs' amended complaint filed November 23, 2016 (ECF No. 55) is deemed filed with leave of court and is Plaintiffs' live pleading.  The deadline for Defendants other than Tenet Healthcare Corporation to answer or otherwise plead is December 29, 2016.

Because the stay of Plaintiffs' motion for conditional certification (ECF No. 22) has been lifted, the court orders it briefed as follows: a response is due: December 19, 2016; and a reply is due: January 2, 2017.  The status conference set for December 9, 2016, is stricken, and further dates will be set after the court rules on the motion for conditional certification.

Date:   December 5, 2016                                    /s/
                                                  Joan B. Gottschall
                                                  United States District Judge